UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**American Automobile Association**,

    Plaintiff,

    v.

**Michael Dickerson** and **Breakthrough Towing L.L.C.**,

    Defendants.

Case __:13-cv-_____-___

## COMPLAINT

The American Automobile Association (or "AAA," as the organization is commonly known) brings this Complaint for monetary damages and injunctive and other relief against Michael Dickerson and Breakthrough Towing L.L.C. and alleges as follows:

## NATURE OF ACTION

1.    This is an action for trademark infringement, false designation of origin, and unfair competition, in violation of sections 32(1) and (2) and 43(a) of the Trademark Act of 1946 (or Lanham Act), 15 U.S.C. §§ 1114(1)–(2), 1125(a) (2006), unfair trade practices in violation of section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903 (1981) (as amended), and for violation of the common law of Michigan. AAA seeks an injunction prohibiting Mr. Dickerson and Breakthrough Towing from using in commerce AAA's "AAA" trademarks. In addition, and pursuant to section 35 of the

Lanham Act, 15 U.S.C. § 1117 (2006 & Supp. V 2011), and Michigan law, AAA seeks compensatory damages, Mr. Dickerson's and Breakthrough Towing's profits from the violations described herein, and the costs and attorneys' fees incurred in bringing this action.

2.     AAA has owned the relevant "AAA" trademarks (referred to collectively as the "AAA Marks") for decades and has achieved considerable name recognition and goodwill in them.

3.     Mr. Dickerson and Breakthrough Towing use the AAA Marks in commerce in connection with their business and without AAA's authorization. Mr. Dickerson and Breakthrough Towing use the AAA Marks with full knowledge that AAA has not authorized them to do so. Such use of the AAA Marks has caused and causes confusion among the public because consumers believe that Mr. Dickerson and Breakthrough Towing are associated, affiliated, or connected with AAA, or that AAA has sponsored, authorized, approved, or endorsed Mr. Dickerson's and Breakthrough Towing's business, products, or services.

4.     Mr. Dickerson's and Breakthrough Towing's use of the AAA Marks also has diminished the ability of AAA's famous and distinctive AAA Marks to identify and distinguish the products and services provided under those trademarks by AAA and its affiliated local clubs.

5.     Mr. Dickerson and Breakthrough Towing have thus made unauthorized commercial use of the AAA Marks in the United States and in Michigan, to Mr. Dickerson's and Breakthrough Towing's benefit and to the detriment of AAA and the public, in violation of the laws identified above.

## PARTIES

6.     AAA is a not-for-profit non-stock corporation organized and existing under the laws of Connecticut and has its principal place of business at 1000 AAA Drive Heathrow, Florida 32746. AAA provides its more than fifty million members with a wide variety of travel services, accommodations-rating services, and associated referral and discount services throughout the United States, including in Michigan.

7.     On information and belief, Breakthrough Towing L.L.C. is a limited-liability company registered in Michigan, with its principal place of business at 1502 West Fort Street, Detroit, Michigan 48216. On further information and belief, Mr. Dickerson organized Breakthrough Towing L.L.C., is the main proprietor of Breakthrough Towing's business, and resides at 6550 Sadie Lane, Belleville, Michigan 48111.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over Counts 1 and 2 of AAA's Complaint because they arise under sections 32 and 43 of the Lanham Act. *See* Lanham Act § 39(a), 15 U.S.C. § 1121(a) (2006); 28 U.S.C. § 1331 (2006); 28 U.S.C. § 1338 (2006 & Supp. V 2011). The Court has subject-matter jurisdiction over Counts 3 and 4 of AAA's

3

Complaint because they are sufficiently related to Counts 1 and 2 that they form part of the same case or controversy under Article III of the U.S. Constitution. *See* 28 U.S.C. § 1367(a) (2006).

9.      Venue is proper in this judicial district because both Mr. Dickerson and Breakthrough Towing reside in this district, *see* 28 U.S.C. § 1391(b)(1), (c)(2) (Supp. V 2011), and a substantial part of the events giving rise to the claims occurred here, *see id.* § 1391(b)(2).

## FACTS ENTITLING AAA TO RELIEF

**A.    AAA's Widespread and Substantial Use of Its Registered AAA Marks.**

10.     AAA has used its AAA Marks widely, continuously, and for decades to identify itself and its automobile-club services—including towing and roadside-assistance services—and to distinguish those services from services provided by others.

11.     AAA has registered with the United States Patent and Trademark Office more than one hundred of its trademarks, including:

> (a)    U.S. Service Mark Registration No. 829,265 for the mark "AAA," registered May 23, 1967, and renewed May 23, 2007, for "providing emergency road service";
>
> (b)    U.S. Service Mark Registration No. 2,158,654 for the mark "AAA," registered May 19, 1998, for "emergency road services";

(c)     U.S. Service Mark Registration No. 3,316,227 for the mark "AAA,"
        registered October 23, 2007, for "indicating membership in a(n)
        automobile membership club"; and

(d)     U.S. Service Mark Registration No. 1,327,400 for the mark "AAA Plus,"
        registered March 26, 1985, for "Emergency road services."

12.     Many of the AAA Marks have been used continuously for at least five years since their registration, and have thus become "incontestable" under section 15 of the Lanham Act, 15 U.S.C. § 1065 (2006 & Supp. V 2011), thereby constituting conclusive and independent evidence of AAA's exclusive right to use such AAA Marks in commerce in connection with those products and services.

13.     Only those businesses that are part of AAA's network of affiliates and approved service providers are authorized to use or display the AAA Marks. Consequently, AAA members and the public have come to trust and believe that entities displaying the AAA Marks are affiliated with, or endorsed or approved by, AAA and that they satisfy AAA's high standards for quality and reliability.

14.     AAA enjoys a tremendous amount of goodwill and name recognition as a result of its use of the AAA Marks and its extensive advertising and promotion of the AAA Marks in Michigan and throughout the United States.

15.   The AAA Marks are distinctive: consumers and members of the public recognize that goods and services marketed under the AAA Marks originate, are approved or endorsed by, or are affiliated with, AAA.

16.   As a result of their widespread use and recognition, the AAA Marks have become assets of substantial value and goodwill as distinguishing symbols of AAA and the services it offers. Indeed, the AAA Marks have become famous for the services offered by AAA, and the public has come to associate the "AAA" name with trustworthy service and advice.

**B.   Mr. Dickerson's and Breakthrough Towing's Unlawful Use of the AAA Marks.**

17.   On information and belief, Mr. Dickerson and Breakthrough Towing L.L.C. operate the business "Breakthrough Towing" and use the AAA Marks in connection with advertising the business and the services offered.

18.   On information and belief, Mr. Dickerson and Breakthrough Towing have caused the AAA Marks to be placed on a towing vehicle advertising the business.

19.   Mr. Dickerson and Breakthrough Towing use the AAA Marks in commerce without authorization from AAA to do so.

20.   Mr. Dickerson's and Breakthrough Towing's infringing use of the AAA Marks in connection with their business is likely to confuse and mislead consumers into believing that the services offered by Mr. Dickerson and Breakthrough Towing are

approved, provided, endorsed, or rated by AAA, which they are not, and into believing that Mr. Dickerson's and Breakthrough Towing's services are currently rated positively by AAA and meet AAA's high standards.

21.    On information and belief, Mr. Dickerson and Breakthrough Towing have acted and used the AAA Marks with actual knowledge of AAA's longstanding and widespread use of the AAA Marks, as well as with actual knowledge that Mr. Dickerson and Breakthrough Towing are not authorized to use the AAA Marks.

22.    Mr. Dickerson's and Breakthrough Towing's use of the AAA Marks has substantially harmed AAA, the AAA Marks, the goodwill associated with the AAA Marks, and the public.

**C.    Mr. Dickerson's and Breakthrough Towing's Failure To Comply with AAA's Demands.**

23.    Upon learning that he was using the AAA Marks, AAA notified Mr. Dickerson in writing on September 22, 2011, and continuously thereafter, that he was required immediately and permanently to cease and desist all use of the AAA Marks. These written letters further notified Mr. Dickerson that his use of the AAA Marks in connection with his business was unauthorized and violated federal and state trademark-infringement and unfair-competition laws. In each letter, AAA set deadlines for Mr. Dickerson to respond, all of which he and Breakthrough Towing (which Mr. Dickerson organized in March 2013) have ignored.

24.     Despite having been notified repeatedly that continued unauthorized use of the AAA Marks constitutes actionable trademark infringement, false advertising, and unfair competition, Mr. Dickerson and Breakthrough continue to use the AAA Marks in their commercial activities.

25.     It is likely that Mr. Dickerson's and Breakthrough Towing's continued use of the AAA Marks has caused, and causes, confusion among members of the public as to whether Mr. Dickerson and Breakthrough Towing are authorized, sponsored, provided or endorsed by, or affiliated with AAA.

## Count 1
### Federal Trademark Infringement
### (15 U.S.C. § 1114(1)--(2) (2006))

26.     AAA repeats and realleges the allegations set forth above in paragraphs 1 through 25.

27.     Mr. Dickerson's and Breakthrough Towing's use of the AAA Marks violates section 32(1) and (2) of the Lanham Act, 15 U.S.C. § 1114(1)-(2) (2006), because it constitutes willful and deliberate use in commerce of reproductions, counterfeits, copies, or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of products and services in a manner likely to cause confusion, mistake, or deception.

28.     On information and belief, Mr. Dickerson's and Breakthrough's acts have been willful and deliberate.

8

29.    AAA has been, and continues to be, irreparably damaged by Mr. Dickerson's and Breakthrough Towing's violations of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Mr. Dickerson and Breakthrough Towing immediately and permanently to cease and desist from their unlawful use of the AAA Marks, Mr. Dickerson's and Breakthrough Towing's unlawful conduct will continue to cause injury to AAA and the public.

### Count 2
### Federal Trademark Infringement and Unfair Competition
### (15 U.S.C. § 1125(a) (2006))

30.    AAA repeats and realleges the allegations set forth above in paragraphs 1 through 29.

31.    Mr. Dickerson's and Breakthrough Towing's use of the AAA Marks described above violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (2006), because it constitutes willful and deliberate use in commerce of AAA's AAA Marks, which is likely to cause confusion, mistake, and deception as to the approval, origin, or sponsorship by AAA of products and services provided by Mr. Dickerson and Breakthrough Towing, and which accordingly constitutes unfair competition and infringement of the AAA Marks.

32.    On information and belief, Mr. Dickerson's and Breakthrough Towing's acts have been willful and deliberate.

33.     AAA has been, and continues to be, irreparably damaged by Mr. Dickerson's and Breakthrough Towing's violation of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Mr. Dickerson and Breakthrough Towing immediately and permanently to cease and desist their unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

## Count 3
### Unfair Trade Practices in Violation of the Michigan Consumer Protection Act
### (Mich. Comp. Laws § 445.903 (1981) (as amended))

34.     AAA repeats and realleges the allegations set forth above in paragraphs 1 through 33.

35.     Mr. Dickerson's and Breakthrough Towing's use of the AAA Marks violates section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903 (1981) (as amended), because it constitutes an unfair, unconscionable, or deceptive practice by:

(a)     Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Mr. Dickerson's and Breakthrough Towing's goods and services;

(b)     Representing that Mr. Dickerson's and Breakthrough Towing's goods and services have the sponsorship and approval of AAA, which they do not, and representing that Mr. Dickerson and Breakthrough Towing have the sponsorship and approval of AAA, which they do not;

    (c)    Representing that the Mr. Dickerson's and Breakthrough Towing's services are of a particular standard, quality, or grade when they are of another; and

    (d)    Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes that represented or suggested state of affairs to be other than it actually is.

36.    Mr. Dickerson and Breakthrough Towing L.L.C. have engaged in the unfair trade practices described above in the conduct of trade and commerce in connection with the operation of the "Breakthrough Towing" business.

37.    On information and belief, Mr. Dickerson's and Breakthrough Towing's acts have been willful and deliberate.

38.    AAA has been, and continues to be, irreparably damaged by Mr. Dickerson's and Breakthrough Towing's violations of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Mr. Dickerson and Breakthrough Towing immediately and permanently to cease and desist from their unlawful use of the AAA Marks, Mr. Dickerson's and Breakthrough Towing's unlawful conduct will continue to cause injury to AAA and the public.

## Count 4
## Common-Law Trademark Infringement and Unfair Competition

39.     AAA repeats and realleges the allegations set forth above in paragraphs 1 through 38.

40.     Mr. Dickerson's and Breakthrough Towing's use of the AAA Marks described above violates the Michigan common law of trademark infringement and unfair competition, because it constitutes willful and deliberate use in commerce of AAA's AAA Marks, which is likely to cause confusion, mistake, or deception as to the approval, origin, or sponsorship by AAA of products and services provided by Mr. Dickerson and Breakthrough Towing, and which accordingly constitutes unfair competition and infringement of the AAA Marks.

41.     On information and belief, Mr. Dickerson's and Breakthrough Towing's acts have been willful and deliberate.

42.     AAA has been, and continues to be, irreparably damaged by Mr. Dickerson's and Breakthrough Towing's violations of Michigan common law, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Mr. Dickerson and Breakthrough Towing immediately and permanently cease and desist from their unlawful use of the AAA Marks, Mr. Dickerson's and Breakthrough Towing's unlawful conduct will continue to cause injury to AAA and the public.

## PRAYER FOR RELIEF

43.     In view of the foregoing, AAA prays for the following relief:

(a)    An injunction:

    (1)    requiring Mr. Dickerson; Breakthrough Towing; and their agents, servants, employees, attorneys, and any and all persons in active concert or participation with them immediately and permanently to cease and desist from all use of the AAA Marks, or of any combinations of the letters "A," in any form or manner that resembles, suggests, or intimates that Mr. Dickerson's and Breakthrough Towing's business is approved or endorsed by, or otherwise affiliated with AAA;

    (2)    requiring Mr. Dickerson and Breakthrough Towing, pursuant to section 36 of the Lanham Act, 15 U.S.C. § 1118 (2006), to destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in their possession or control that contain the AAA Marks or any term, symbol, or logo confusingly similar to those marks; and to destroy any and all means in their possession or control of making any of those infringing items;

    (3)    requiring Mr. Dickerson and Breakthrough Towing to have deleted or removed from publication any advertisements paid

for or used by them containing any of the AAA Marks and any
other name, mark, or logo confusingly similar to them;

    (4)    requiring Mr. Dickerson and Breakthrough Towing to
permanently delete, destroy, and remove all electronic content,
including all websites, domain names, and other electronic
materials displaying the AAA Marks and any other name, mark,
or logo confusingly similar to them;

    (5)    requiring Mr. Dickerson and Breakthrough Towing to file with
the Court and serve on AAA, within thirty days after entry of an
injunction, a report in writing under oath setting forth in detail
the manner in which Mr. Dickerson and Breakthrough Towing
have complied with the Court's injunction and orders; and

(b)    Monetary damages equivalent to:

    (1)    Statutory damages in the amount of $2,000,000 per counterfeit
mark, per good or service use by Mr. Dickerson and
Breakthrough Towing;

    (2)    AAA's damages caused by Mr. Dickerson's and Breakthrough
Towing's unlawful conduct, as described above;

    (3)    The profits earned by Mr. Dickerson and Breakthrough Towing
as a result of the sale of products and services using the AAA

Marks or as a result of the Mr. Dickerson's and Breakthrough
Towing's display or advertisement of the AAA Marks;

(4)    All state and federal statutory and common-law relief available,
including but not limited to the damages provided for by
Michigan law and treble damages provided for by section 35(b)
of the Lanham Act, 15 U.S.C. § 1117(b) (Supp. V 2011);

(5)    All costs and reasonable attorneys' fees incurred in connection
with this action, plus appropriate interest thereon;

(6)    Any punitive or enhanced damages available due to the Mr.
Dickerson's and Breakthrough Towing's willful and deliberate
conduct; **and**

(c)    Such other and further relief as the Court may deem just and proper.


Dated: June 24, 2013                    Respectfully submitted,

s/with consent of Joshua D. Rogaczewski    s/Norman C. Ankers
McDermott Will & Emery LLP               Honigman Miller Schwartz and Cohn LLP
The McDermott Building                   2290 First National Building
500 North Capitol Street, Northwest      660 Woodward Avenue
Washington, District of Columbia 20001   Detroit, Michigan  48226
202.756.8195                             313.465.7306
jrogaczewski@mwe.com                     nankers@honigman.com
                                         P30533

*Attorneys for the American Automobile Association*