UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN AUTOMOBILE
ASSOCIATION,

        Plaintiff,

v.

MICHAEL DICKERSON, and
BREAKTHROUGH TOWING, LLC,

        Defendants.

_____/

Case No. 13-12775

Paul D. Borman
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT (Dkt. No. 15) AND GRANTING A PERMANENT INJUNCTION**

This trademark infringement action arises from Defendants' alleged unlawful use of Plaintiff American Automobile Association's ("Plaintiff") registered AAA trademark in advertising. Defendants Michael Dickerson and Breakthrough Towing, LLC ("Defendants") have failed to defend or otherwise appear in this action and Plaintiff now moves this Court for entry of a Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 15).

**I. BACKGROUND**

Plaintiff filed the present action on June 24, 2013. (Dkt. No. 1). In its Complaint, Plaintiff alleges two counts of trademark infringement pursuant to the Trademark Act of 1946 (Lanham Act), 15 U.S.C. §§ 1114(1)-(2), 1125(a) (2006), as well as state law claims for common law trademark infringement and a violation of the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.903 (1981).

Plaintiff states that it is the owner of certain marks (the "AAA Marks") which have been

used widely and continuously to identify itself and its automobile club services as well as distinguish its services from those provided to others.[1] (Compl. ¶¶ 10-11). Plaintiff also notes that many of the AAA Marks have been used continuously for five or more years and the public knows and trusts that entities that display or use the AAA Marks satisfy Plaintiff's high standards for quality and reliability. (Compl. ¶¶ 12-13).

Plaintiff claims that Defendants use the AAA Marks in connection with advertising its towing business without permission from Plaintiff. (Compl. ¶ 17). Plaintiff also claims that Defendants have placed the AAA Marks on a towing vehicle advertising its business. (Compl. ¶ 18). Plaintiff further claims that Defendants' unauthorized use of its AAA Mark is likely to confuse and mislead consumers into believing Defendants' services are approved or authorized by AAA and/or that Defendants' services are currently rated positively by AAA. (Compl. ¶ 20).

Plaintiff alleges it first notified Defendant Dickerson in writing on September 22, 2011, that he was required to cease and desist all use of the AAA Marks. (Compl. ¶ 23). Plaintiff then continued to notify Defendant Dickerson that his use of the AAA Marks violated federal and state trademark infringement and unfair competition laws but he never responded to any letter. (*Id*.). Thereafter, Plaintiff filed this action against Defendants.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b) a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order to obtain

---

[1] Registration No. 829,265 for the mark "AAA" for "providing emergency road service"; Registration No. 2,158,654 for the mark "AAA" for "emergency road service"; Registration No. 3,316,227 for the mark "AAA" for "indicating membership in a[n] automobile membership club"; Registration No. 1,1327,400 for the mark "AAA Plus" for "Emergency road services."

judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). *See Hanner v. City of Dearborn Heights*, No. 07-15251, 2008 WL 2744860, at *1 (E.D. Mich. July 14, 2008). Once a default has been entered by the clerk's office, all of a plaintiff's well-pleaded allegations are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted).

Once a default is obtained, the party may then file for a default judgment by the clerk or by the court. FED. R. CIV. P. 55(b). When the plaintiff's complaint alleges damages for a sum certain a default judgment by clerk is appropriate. FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law sets forth that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. Wright & Miller, 10A Federal Practice & Procedure, § 2685 (3d ed. 1998) (collecting cases). After a court determines that a default judgment should be entered, it will determine the amount and character of the recovery awarded. *See id*. § 2688 (collecting cases). Further, "[b]ecause a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default. *Russell v. Tribley*, No. 10-14824, 2011 WL 4387589, at *8 (E.D. Mich. Aug. 10, 2011) (collecting cases).

### III. ANALYSIS

In the present action, the Court has proper jurisdiction over the subject matter pursuant to 28 U.S.C. § 1338. Venue is also proper as Defendant Dickerson is a resident of Belleville, Michigan and Defendant Breakthrough Towing, LLC is a Michigan company with its principal place of business at 1502 West Fort Street, Detroit Michigan. (Compl. ¶¶ 7, 9). Further, Plaintiff has

evidenced that Defendants were served on August 1, 2013 in accordance to the Court's July 17, 2013 Order allowing alternative service. (*See* Dkt. No. 7, Order Granting in Part Motion for Alternative Service; Dkt. Nos. 8, 9, 10, Certificates of Service).

Defendant filed a Motion for Clerk's Entry of Default against Defendants on September 18, 2013. (Dkt. No. 11). This motion was granted and the Clerk entered a default against Defendant on September 20, 2013. (Dkt. Nos. 12, 13, & 14).

## A.     **Plaintiff's Claims**

Plaintiff brings two claims under the Lanham Act: (1) trademark infringement pursuant to 15 U.S.C. § 1114 and (2) unfair competition pursuant to 15 U.S.C. § 1125(a) as well as state law claims for common law trademark infringement and a violation of the Michigan Consumer Protection Act ("MCPA"). To determine whether there has been trademark infringement, unfair competition, a common law trademark violation or a violation of the MCPA, the Court must evaluate the likelihood of confusion between the two marks. *See Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) (citation omitted) (holding that "the same test is used to determine whether there has been trademark infringement, unfair competition, or false designation of origin: the likelihood of confusion between the two marks."); *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 833 (6th Cir. 1983) (holding the same as to claims of unfair competition brought under Michigan common law); *Homeowners Group v. Home Mktg. Specialists*, 931 F.2d 1100, 1105 n.1 (6th Cir. 1991) (holding the same as to the claims brought pursuant to MCPA).

In its complaint, Plaintiff alleges that Defendants intentionally used (and continue to use) Plaintiff's AAA Marks in connection with its business. By using these marks without permission, Defendants are falsely representing that Plaintiff has endorsed or approves of their business. The

use of these AAA Marks are likely to create confusion and mislead consumers into believing that Plaintiff endorses and recommends Defendants' business. Plaintiff alleges that Defendants' actions have substantially harmed the AAA Mark as well as Plaintiff's goodwill and the public. Further, Plaintiff claims that Defendants' actions were wilful and deliberate and those actions continued after Plaintiff notified them of their unlawful use of the AAA Mark.

Because Defendants have failed to appear in this action, the Court deems these well-pled allegations as admitted. *See Cross*, 441 F. Supp. 2d at 846. Further, as Plaintiff claims Defendants are using the exact AAA Marks at issue, it is axiomatic that the likelihood of confusion between the two marks is extremely high. Accordingly, the Court finds that the Defendants' acts constitute trademark infringement and unfair competition pursuant to the Lanham Act as well as a violation of the MCPA and common law trademark infringement.

**B.     Injunctive Relief**

Although Plaintiff seeks monetary damages in its Complaint, Plaintiff only seeks permanent injunctive relief in its Motion for Default Judgment. Plaintiff requests the Court enter a judgment requiring:

> (1) [Defendants] and their agents, servants, employees, attorneys, and any and all persons in active concert or participation with them immediately and permanently to cease and desist from all use of the AAA Marks, or of any combinations of the letter "A," in any form or manner that resembles, suggests, or intimates that [Defendants'] business is approved or endorsed by, or otherwise affiliated with AAA;
>
> (2) [Defendants], pursuant to section 36 of the Lanham Act, 15 U.S.C. § 1118 (2006), to destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in their possession or control that contain the AAA Marks or any term, symbol, or logo confusingly similar to those marks; and to destroy any and all means in their possession or control of making any of those infringing items;

(3) [Defendants] to have deleted or removed from publication any advertisements paid for or used by them containing any of the AAA Marks any other name, mark, or logo confusingly similar to them;

(4) [Defendants] to permanently delete, destroy, and remove all electronic content, including all websites, domain names, and other electronic materials displaying the AAA Marks and any other name, mark, or logo confusingly similar to them;

(5) [Defendants] to file with the Court and serve on AAA, within thirty days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which [Defendants] have complied with the Court's injunction and orders.

(Pl.'s Br., at 2-3).

The Lanham Act permits permanent injunctions to prevent future violations of the Act. *See* 15 U.S.C. § 1116. A plaintiff who seeks a permanent injunction must demonstrate: (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) that considering the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that it is in the public's interest to issue such an injunction. *Audi*, 469 F.3d at 549. However, "[t]he law of this Circuit holds that no particular finding of likelihood of ... irreparable harm is necessary for injunctive relief in trademark infringement or unfair competition cases." *Circuit City Stores, Inc. v. CarMax, Inc*., 165 F.3d 1047, 1056 (6th Cir. 1999) (internal citations omitted). The Sixth Circuit explained that irreparable injury "ordinarily follows when a likelihood of confusion or possible risk to reputation appears" from infringement or unfair competition. *Id*.

In the present case, the Court finds that Plaintiff has suffered an irreparable injury: there is a likelihood of confusion. In regards to the second factor, where there is a potential for future harm from continuing infringement, there is no adequate remedy at law. *See Audi*, 469 F.3d at 550. Further, as to the third factor, it does not appear Defendant would face any hardship in restraining from trademark infringement while Plaintiff faces the possibility of the loss of goodwill. Finally,

6

preventing consumer confusion is in the public's interest. *See id.* (finding it was in the public's interest to issue an injunction to "prevent the consumers from being confused"). Here, the Plaintiff's complaint establishes Defendants continued use of the AAA Marks will mislead the public.

For these reasons, the Court finds that a permanent injunction is justified and issues the requested permanent injunction.

## IV. CONCLUSION

Therefore, the Court will:

(1) GRANT Plaintiff's Motion for Default Judgment (Dkt. No. 15); and

(2) GRANT the requested permanent injunctive relief requested by Plaintiff at pp 5-6, *supra*.

**SO ORDERED.**

                                             s/Paul D. Borman
                                             PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE

Dated: January 22, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 22, 2014.

                                             s/Deborah Tofil
                                             Case Manager